UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISION

Eastern District of Kentucky
FILED
JUL 1 5 2011
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil Action No. 7:11-CV-00104-ART ) |
| CAM MINING, LLC | ) ) **ORDER** |
| | ) **(Injunctive Relief Sought)** ) |
| Defendant | ) ) |

**PERMANENT INJUNCTION**

1. Jurisdiction for this matter is granted by 30 U.S.C. § 818(b). The defendant CAM Mining LLC, owns and operates mines located in the Commonwealth of Kentucky which produce coal for resale in interstate commerce and thus are subject to the requirements of the Federal Mine Safety and Health Act of 1977 (30 U.S.C.§ 801 et seq).

2. This matter came before this Court on June 24, 2011 upon plaintiff's complaint and the declaration of Federal Coal Mine Inspectors Gerald W. McMasters, Anthony Burke, and Vickie Mullins that defendant committed acts in violation of 30 U.S.C. § 813(a). On June 17, 2011, inspectors from the Mine Safety and Health Administration attempted to inspect the Number 28 mine operated by Defendant CAM Mining LLC. The MSHA inspectors told the defendant's agents that no advance notice was to be given to the miners working underground about

1

the inspectors' presence. Before the inspectors started underground, the miners working underground were given advance notice of the inspection. The notice was given by means of a mine telephone by defendant's agents and employees. Such advance notice interfered with, hindered or delayed the inspectors from carrying out the provisions of the Federal Mine Safety and Health Act. This notice was given over an order issued under the provisions of the Act.

Pursuant to the power granted this court by 30 U.S.C. § 818(a) and Rule 65 of the Federal Rules of Civil Procedure it is:

**ORDERED** that defendant, its agents, servants, employees, vendors, visitors, all persons in active concert or participation with it and all other parties who receive actual notice of this order by personal service or otherwise be enjoined from interfering with, hindering or delaying the Secretary's inspection of the Number 28 mine by the giving advance notice to any person working underground of a pending inspection by the Mine Safety and Health Administration, United States Department of Labor. Advance notice constitutes any means of communication including, but not limited to, the mine telephone or any other device and includes any use of signals or devices intended to give notice of an inspection. Notice may only be given when an inspector from the Federal Mine Safety and Health Administration specifically orders that such notice be given as an exception to the prohibition as provided for in the Act;

It is further **Ordered** that defendant's agents, servants, employees and contractors at the Number 28 mine shall be trained in the requirements of this Order within 30 days of entry of the Order, that notice shall be given to the District Manager for District 6, Federal Mine Safety and Health Administration of the time(s) and date(s) for this training, that each person attending training shall be given a copy of the Order, and that a record shall be made of those attending each training

session which shall be returned to said District Manager within five(5) days following completion of the training; and

It is further **Ordered** that a copy of this Order shall be posted at any place where defendant maintains a communication device between any surface operation and the underground workings of the Number 28 mine including any place where lights may be turned off and on or belts may be shut down;

It is further **Ordered** that the terms of this Order shall be incorporated into the Defendant's Emergency Response Plan, Hazard Recognition Training, and Annual Refresher Training plans for the Number 28 mine; and

Further, the terms of this Order shall terminate three years after the entry of the Order. Defendant is not relieved of any statutory obligation against advance notice after the three year term of this injunction has expired. Defendant will remain under the obligation to prevent advance notice of inspections for so long as the prohibition remains in the Federal Mine Safety and Health Act.

Dated at Covington, KY, at ___ o'clock __.m., (EDT) on this the 15th day of July, 2011.

Amul R. Thapar
UNITED STATES DISTRICT JUDGE